UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**LYNDI CLIFTON**                              **CIVIL ACTION**

**VERSUS**                                      **NO. 20-859-SDD-RLB**

**JAMES E. CARTER, ET AL.**

## ORDER

Before the Court is the parties' Joint Motion to Extend Pre-Trial Deadlines. (R. Doc. 62).

This is a personal injury action arising out of an automobile crash on September 19, 2020. (R. Doc. 1-2). The action was removed on December 18, 2020. (R. Doc. 1).

Since the issuance of the Court's Scheduling Order (R. Doc. 7) on February 19, 2021, the parties have sought and obtained three extensions of the deadlines, including a new trial date. (*See* R. Docs. 29, 36, 55, 56, 60, and 61). Currently, the deadline to complete all discovery is August 31, 2022, the deadline file dispositive motions and *Daubert* motions is September 30, 2022, and trial is set to commence on April 10, 2023. (R. Doc. 56).

The instant motion seeks a fourth extension of deadlines. Within the motion, the parties seek to extend the discovery and motion filing deadlines on the basis that a mediation is currently scheduled for November 2, 2022 and the parties do not wish to incur unnecessary costs prior to mediation. The parties assert that the requested extensions – a new discovery deadline of December 15, 2022, and a new dispositive motion and *Daubert* motion deadline of January 16, 2023 – will not interfere with the current trial date of April 11, 2023.

Rule 16(b)(4) of the Federal Rules of Civil Procedure allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent. The Fifth Circuit has explained that a party is required "to show that the deadlines cannot reasonably be

met despite the diligence of the party needing the extension." *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)).

The Scheduling Order informed the parties that "[j]oint, agreed or unopposed motions to extend scheduling order deadlines will not be granted automatically," and that "[e]xtensions of deadlines governing discovery must be supported with information describing the discovery already completed, what necessary discovery remains, the parties' efforts to complete the remaining discovery by the deadline, and any additional information showing that the parties have diligently pursued their discovery." (R. Doc. 7 at 2-3).

Other than identify a specific mediation date, the parties have not identified what discovery they have completed, what additional discovery is required, what efforts they have made to complete discovery, or any other information indicating that they have been diligent in seeking to complete discovery within the time provided by the earlier extensions obtained. While the Court encourages the parties to settle their dispute, a scheduled mediation <u>over four months away</u> is insufficient to establish good cause for any additional extensions of the discovery deadline. Furthermore, the extension of the dispositive motion deadline sought would interfere with the trial date. The trial date has already been moved once and a further continuance is not merited.

The Court will consider any renewed motion for a brief extension of the pre-trial deadlines, without modification of the trial date, if such motion identifies what discovery has been completed and needs to be completed, and seeks no more than a 4 week extension of the dispositive motion deadline. The parties are reminded that they may conduct any unopposed discovery after the expiration of the Court's deadlines pursuant to Local Rule 26(d)(1).

Based on the foregoing,

**IT IS ORDERED** that the Joint Motion to Extend Pre-Trial Deadlines (R. Doc. 62) is **DENIED.**

Signed in Baton Rouge, Louisiana, on June 27, 2022.

　　　　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　　**RICHARD L. BOURGEOIS, JR.**
　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**